UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEPSON FRANCOIS,<br>Petitioner,<br>v.<br>CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center, et al.,<br>Respondents. | Case No.: 3:26-cv-05681-RBM-DEB<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. 1]** |

Pending before the Court is Petitioner Tepson Francois' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Haiti who entered the United States on October 5, 2024. (*Id.* ¶ 4; Doc. 1-2 at 2.) The same day, Petitioner was paroled into the United States under 8 U.S.C. § 1182(d)(5). (*Id.*; Doc. 4 at 2.) In the time since that grant of parole, Petitioner filed an application for asylum, obtained work authorization, and did not violate the conditions of his parole during his nearly two years of physical liberty. (Doc. 1 ¶¶ 5–6.) On September 11, 2026, Petitioner was detained by ICE in San Diego, California and is presently being held at the Otay Mesa Detention Center. (*Id.* ¶¶ 6–7.)

Petitioner filed his Petition on October 2, 2026. (Doc. 1.) The Court set a briefing schedule shortly thereafter. (Doc. 3.) On October 13, 2026, Respondents filed their Return to Petition. (Doc. 4.) Petitioner filed his Traverse on October 15, 2026. (Doc. 5.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Administrative Procedure Act and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 52–66.) Petitioner seeks immediate release and to be restored to the conditions that existed immediately prior to his September 11, 2026, re-detention. (*Id.*, Prayer for Relief.) Respondents argue that Petitioner is subject to mandatory detention under § 1225(b) because *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2016) does not apply here but ultimately "do[] not oppose the petition and defer[] to the Court on the appropriate relief." (Doc. 4 at 3.) In light of Respondents' non-opposition, and considering the Court's many Orders granting petitions like the one currently before it,[1] the Court **GRANTS** the Petition.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash.

[1] *See Mompremier v. LaRose*, Case No.: 3:26-cv-05354-RBM-GC, ECF No. 6, at *2 n.1 (S.D. Cal. Sept. 11, 2026) (collecting cases).

2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the terms of his preexisting parole.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a flight risk or a danger to the community. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

**IT IS SO ORDERED.**

DATE: November 6, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE